UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALIOUS CYPRIAN,<br><br>    Plaintiff,<br><br>    v.<br><br>T. CONSTABLE, et al.,<br><br>    Defendants. | No. 2:19-cv-0689 AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. See ECF No. 1 at 6. In support of this request, plaintiff states that he is currently a patient in the California Department of Corrections and Rehabilitation's EOP Mental Health Program and that he is currently being treated with psychotropic medication. See id.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,

1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

A review of plaintiff's complaint indicates that he has stated two claims of violation of right, both of which stem from an initial incident of defendants failing to protect him from harm inflicted upon him by another inmate. The claims are simple and clear, providing both legal grounds for relief and facts in support of those grounds. Thus, plaintiff appears to have the ability to articulate his claims in an adequate fashion. For these reasons, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel, filed April 23, 2019 (ECF No. 1 at 6), is DENIED.

DATED: May 22, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE