UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REALIOUS CYPRIAN,

Plaintiff,

v.

T. CONSTABLE, et al.,

Defendants.

No. 2:19-cv-0689 AC P

ORDER

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff has also requested the appointment of counsel. See ECF No. 1 at 6.

For the reasons stated below, plaintiff's application to proceed in forma pauperis will be granted, and plaintiff will be permitted to proceed with the cognizable claims of the complaint. Plaintiff's request for the appointment of counsel will be denied

I. IN FORMA PAUPERIS APPLICATION

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF Nos. 2, 6. Accordingly, the request to proceed in forma pauperis will be granted.

////

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp.

Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

IV.   PLAINTIFF'S COMPLAINT

Plaintiff names Correctional Officer T. Constable, Lieutenant S. Amador, and Second Watch Officer J. Thomas[1] – all employees at California Health Care Facility ("CHCF") – as defendants in this action. See ECF No. 1 at 1-2;[2] see also ECF No. 5 at 1. He contends that his Eighth Amendment rights were violated when, on July 28, 2018, defendant Constable and his partner, defendant Thomas, failed to protect him from an attack on the yard by an angry EOP mental health inmate. See id. at 3. As a result of the attack, plaintiff was seriously injured. See id.

Plaintiff further alleges that he was denied his rights to due process and equal protection under the Fourteenth Amendment and that his Eighth Amendment rights were violated when, at his subsequent, related disciplinary hearing about the altercation, defendant Amador refused to allow him to present video footage that would have shown the officers' failure to act during the incident as well as his attempt to avoid the attack. See generally ECF No. 1 at 4. He alleges that because he was unable to present the video at his hearing, he was wrongly punished. See generally id.

V.   DISCUSSION

A.   Failure to Protect

Plaintiff alleges that on July 28, 2018, he was being repeatedly threatened by an angry EOP mental health inmate for two minutes. During the confrontation, defendant Constable and defendant Thomas simply sat and watched the incident transpire, failing to intervene. See ECF No. 1 at 3. Plaintiff further alleges that in response to the inmate's aggression towards him, he placed his hands in the air and backed away, to no avail. See id. Eventually, the inmate attacked

---

[1] In the complaint, plaintiff initially stated that the name of the second watch officer was unknown and that he hoped to learn her name via discovery. See ECF No. 1 at 2. Thereafter, however, plaintiff informed the court that her name is J. Thomas. See ECF No. 5 at 1. Accordingly, the Clerk of Court will be directed to add J. Thomas as a defendant to the case caption of the docket.

[2] Plaintiff also names Does 4 through 10, ECF No. 1 at 2, but makes no charging allegations against them. Because there are no claims against the putative Doe defendants, they will be disregarded.

plaintiff, and plaintiff fought back. During the fight, plaintiff's right eye was badly injured as well as his nose. See id.

"The Eighth Amendment imposes a duty on prison officials to protect inmates from violence at the hands of other inmates." Cortez v. Skol, 776 F.3d 1046, 1050 (9th Cir. 2015). The right to personal security is an "historic liberty interest" that is protected substantively by the Due Process Clause. Youngberg v. Romeo, 457 U.S. 307, 315 (1982). This right is not extinguished by lawful confinement, even for penal purposes. See generally Hutto v. Finney, 437 U.S. 678 (1978). Insufficient protection of a prisoner resulting in harm inflicted by other inmates may also violate a prisoner's due process rights. Hernandez v. Denton, 861 F.2d 1421, 1424 (9th Cir. 1988) (citing Youngberg, 457 U.S. at 315-16).

Plaintiff has presented cognizable Eighth Amendment failure to protect claims against defendants Constable and Thomas. Accordingly, plaintiff may proceed with these claims.

B. Denial of Due Process

Plaintiff alleges that after the fight, he was written up for "attempting to defend [himself]." See ECF No. 1 at 4 (brackets added). He contends that there was video of the fight and of the events that led up to it. See generally id. at 4. The video would have shown defendant Constable's and defendant Thomas' failures to intervene, and it would have also shown that plaintiff had attempted to avoid the attack. See id. at 4. When plaintiff sought the exculpatory footage in order to present it at his disciplinary hearing, defendant Lieutenant S. Amador refused to allow its production. See id. Thereafter, plaintiff was wrongfully punished for his actions. See id.

In the prison disciplinary context, plaintiff has a right to procedural due process. The minimum procedural requirements that satisfy due process are as follows: (1) advance, written notice of violation; (2) provision of at least 24 hours to prepare for committee appearance; (3) written statement of fact-finding; (4) the right to present witnesses and evidence where it would not be unduly hazardous to institutional safety; (5) an impartial decision-making body, and (6) assistance if inmate is illiterate or if issues are complex. Wolff v. McDonnell, 418 U.S. 539, 564-70 (1974); see generally Hanrahan v. Lane, 747 F.2d 1137, 1140 (1984). These requirements

protect prisoners from "arbitrary actions extinguishing their privileges."  Hanrahan, 747 F.2d at 1140 (citation omitted).

Plaintiff has stated a cognizable Fourteenth Amendment claim of deprivation of due process against defendant Amador.  Wolff requires that an inmate be provided the opportunity to present witnesses and evidence, and while that right is not absolute (see Wolff, 418 U.S. at 566 (stating institutional safety, correctional goals exceptions)), the alleged refusal to consider exculpatory evidence at his disciplinary hearing reasonably supports plaintiff's claim that he was deprived of due process.  Therefore, plaintiff will be permitted to proceed with this claim.

C.  Denial of Equal Protection

Plaintiff alleges that defendant Amador violated his right to equal protection under the law when he refused to produce the video of the altercation so that plaintiff could defend himself during his disciplinary hearing.  See ECF No. 1 at 4.  Specifically, plaintiff contends that in other similar rules violation hearings, the camera footage is produced.  He further alleges that prison officials "have a custom to produce camera footage at hearings when it is 'adverse' to an inmate, but when the camera footage is 'exculpatory' [prison officials] will not produce it."  See id. at 4 (brackets added) (quotation marks in original).

The Equal Protection Clause requires that persons who are similarly situated be treated alike, see City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985), and accordingly protects prisoners from arbitrary state action, see Sandin v. Conner, 515 U.S. 472, 487 n.11 (1995).  An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based upon his membership in a protected class, Hartmann v. Calif. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-602 (2008).

When an equal protection claim is premised on unique treatment rather than on a classification, the Supreme Court has described it as a "class of one" claim.  Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam).  To state such a claim, a plaintiff

must allege that the defendant intentionally, and without rational basis, treated him differently from those who were similarly situated. See Olech, 528 U.S. at 564. A class of one plaintiff must show that the discriminatory treatment "was intentionally directed just at him, as opposed. . . to being an accident or a random act." Jackson v. Burke, 256 F.3d 93, 96 (2d Cir. 2001).

Plaintiff has presented a cognizable equal protection claim against defendant Amador. He has alleged that defendant Amador treated him differently from other inmates when he refused to produce the video at plaintiff's disciplinary hearing, and that he did so because the video was exculpatory. See generally ECF No. 1 at 4. Preventing the presentation of a video during a disciplinary hearing because it is exculpatory is not rationally related to a legitimate state purpose. Moreover, plaintiff's allegation that exculpatory videos are routinely suppressed supports a conclusion that this was not a random occurrence. Accordingly, plaintiff may proceed with his equal protection claim against defendant Amador.

VI. APPOINTMENT OF COUNSEL

The complaint includes a request for the appointment of counsel. See ECF No. 1 at 6. The request is preceded by the statement that plaintiff is currently a patient in the California Department of Corrections and Rehabilitation's EOP Mental Health program and that he is being treated with psychotropic medication. See id. The complaint also indicates that plaintiff was assisted with its preparation. See id.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

To date, plaintiff has been able to present claims to the court that are both concise and cognizable. See generally ECF No. 1. The fact that plaintiff had assistance in drafting the complaint does not compel the conclusion that counsel is necessary; plaintiff plainly has sufficient understanding of his case for the complaint to have been adequately drafted by another individual. Accordingly, the court does not find the required exceptional circumstances at this

time. Therefore, plaintiff's request for the appointment of counsel will be denied.

For the reasons stated above, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall replace the defendant identified as "Second Watch Officer" in the case caption of the docket with the name "J. Thomas";

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

4. Plaintiff's request for the appointment of counsel (see ECF No. 1 at 6) is DENIED, and

5. Plaintiff's motions to screen the complaint (ECF Nos. 11, 14, 15) are DENIED as moot.

IT IS FURTHER ORDERED that:

1. This action shall only proceed on the cognizable claims identified herein, and

2. Plaintiff has stated cognizable claims against the following defendants:

- Correctional Officer T. Constable;
- Correctional Officer J. Thomas, and
- Lieutenant S. Amador.

Under separate order, the court shall direct that service be initiated on these defendants under the court's E-Service Pilot Program for civil rights cases for the Eastern District of California.

DATED: September 14, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE