UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALIOUS CYPRIAN, | No. 2:19-cv-0689 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| T. CONSTABLE, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court are two motions filed by plaintiff: one that simultaneously asks for an enlargement of time and for the consolidation of all parties served (ECF No. 37), and one that moves for a renewal of plaintiff's request for amicus curiae (ECF No. 46). For the reasons stated below, both motions will be denied.

I. ENLARGEMENT OF TIME AND CONSOLIDATION MOTION

There are three defendants in this action: Correctional Officer T. Constable, Lieutenant S. Amador, and Correctional Officer J.W. Thomas. At the time the instant motion was filed in February 2021, only defendants Constable and Amador had been properly identified and had filed an answer to the complaint. See ECF No. 32. They had done so in November 2020. See id.

Thereafter, defendant Thomas was accurately identified and served, and in April 2021, she filed an answer as well. See ECF No. 41.

Plaintiff's motion asks, in part, for a thirty-day extension of time to respond to the answer filed by defendants Constable and Amador. See ECF No. 37 at 1. It also asks for the extension so that plaintiff can "consolidate all the parties" in this case. See id. at 1-2. Additional reasons for the request are difficult to understand. See id. at 2. In the motion, however, plaintiff further states that he has not received discovery, and he requests "ADR or realistic mediation." See id. at 2.

Because all three defendants have now been properly identified and served, they are all part of this action. Accordingly, there is no need to "consolidate all the parties." Moreover, because defendants have all now filed answers, the case has been referred to the court's Alternative Dispute Resolution ("ADR") Project and all other proceedings have been stayed for 120 days. See ECF No. 43. Pursuant to the April 2021 stay order, the parties are to meet and confer during this period to determine whether this action can be settled, and if so, participate in a settlement conference. Therefore there is no need for plaintiff to respond to defendants' answers,[1] and his request for discovery documents is premature. For these reasons, this motion will be denied.

II.  AMICUS CURIAE MOTION

On May 5, 2021, plaintiff filed a "motion of renew [sic] of plaintiff request for 'amicus curae' [sic]." ECF No. 46 (brackets added). Ultimately, the motion asks that Jeffrey D. McDonald, an inmate who has assisted plaintiff with this matter, assist him during ADR proceedings. See id. at 1-3. In support of the motion, plaintiff states that he is unable to read and that he is a mental health patient who has an enhanced level of care. As a result, he contends, this case is "a complex issue" for him. See id. at 2. In the alternative, plaintiff asks for the appointment of counsel. See id. at 2. Attached to the motion is a declaration from Mr. McDonald

---

[1] In any event, the Rules of Civil Procedure do not provide for a response to the answer unless ordered by the court. Rule 7(a)(7), Fed. R. Civ. P. Replies to answers generally serve no purpose. It is not this court's practice to require or permit replies to answers.

2

which states his willingness to assist plaintiff during the ADR proceedings. See id. at 4-6.

The role of an amicus curiae is to assist in a case of general public interest, to supplement the efforts of counsel in the case, and to draw the court's attention to law that has escaped consideration. See Miller-Wohl Co., Inc. v. Comm'r of Labor and Indus., 694 F.2d 203, 204 (9th Cir. 1982). Historically, he is "an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and whose function is to advise in order that justice may be done rather than to advocate a point of view so that a cause may be won by one party or another." Leigh v. Engle, 535 F. Supp. 418, 420 (N.D. 1ll. Jan. 22, 1982). A district court has broad discretion to permit individuals to participate in a case as amicus curiae. See Hoptowit v. Ray, 682 F.2d 1237, 1260 (9th Cir. 1982), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

Although plaintiff has filed an amicus curiae motion, Mr. McDonald's declaration speaks of meeting and conferring with defense counsel, of negotiating on plaintiff's behalf, and of advising plaintiff. See ECF No. 46 at 5-6. In sum, ultimately, plaintiff is requesting representation by Mr. McDonald during these proceedings.

In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). To date, however, plaintiff has been able to file a cogent complaint and "amendments" to it, as well as multiple motions to move this case forward. See, e.g., ECF Nos. 1, 5, 7-15, 31. Therefore, despite plaintiff's alleged inability to read and his enhanced level of care as a mental health patient, in the present case, the court does not find the required exceptional circumstances that would warrant either appointment of counsel or Mr. McDonald's assistance at in ADR proceedings.

Furthermore, even if the court were inclined to grant Mr. McDonald amicus status in this case, Mr. McDonald would have no standing to raise arguments or to request discovery on plaintiff's behalf. See United States v. City of Los Angeles, 288 F.3d 391, 400 (9th Cir. 2002). For these reasons, plaintiff's amicus curiae motion will be denied.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a thirty-day extension of time and motion to consolidate all parties (ECF No. 37) is DENIED, and

2. Plaintiff's motion to renew his amicus curiae request (ECF No. 46) is DENIED.

DATED: May 25, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE