UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALIOUS CYPRIAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. CONSTABLE, et al.,<br><br>　　　　　Defendants. | No.  2:19-cv-0689 TLN AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983, has filed a motion to compel compliance with Rule 30(f)(4) of the Federal Rules of Civil Procedure.  ECF No. 63.  For the reasons stated below, the motion will be denied.

BACKGROUND

On September 1, 2021, the court granted defendants' request to take the deposition of inmate-witness Maurice Marshman via videoconference.  ECF Nos. 57 (request), 58 (order).  Marshman was deposed on October 22, 2021, but the deposition could not be completed due to the witness's time constraints.  ECF No. 61-1 at 1.  Accordingly, the court granted defendants' motion to modify the discovery and scheduling order to permit completion of the deposition after the close of discovery for all other purposes on October 29, 2021.  ECF Nos. 61 (motion), 62 (order).  The parties were granted 14 days after the continued deposition date to file any deposition-related motions; the previously issued scheduling order otherwise remained in full

force and effect. ECF No. 62. The Marshman deposition was completed on November 24, 2021. Plaintiff appears to have delivered the instant motion to prison officials for mailing on December 8, 2021 (ECF No. 63 at 14), and the court deems it timely filed insofar as it presents deposition-related issues. The motion is fully briefed. ECF Nos. 64 (opposition), 65 (reply).

## DISCUSSION

By his motion plaintiff seeks (1) a copy of the complete transcript of Marshman's deposition and an opportunity to correct it, and (2) production of prison video surveillance from July 28, 2018, the day of the incident giving rise to his failure to protect claim. ECF No. 63. Defendants oppose both requests.

As to the transcript, Rule 30(e)(1) of the Federal Rules of Civil Procedure provides that a *deponent* must be afforded the opportunity to review and make changes to the deposition transcript upon request of the witness or a party at the deposition. Under the plain language of this rule, it is Marshman alone who was entitled to review the transcript of his deposition and identify corrections. Plaintiff had no right to do so, even if he requested an opportunity for Marshman to review the transcript prior to its certification.[1] In any event, the declaration of defense counsel (ECF No. 78) and its attachments satisfy the undersigned that no request for Rule 30(e)(1) review was made on the record by either Marshman or plaintiff.

In any event, Rule 30(e)(1) provides for the deponent to *review* the draft transcript prior to its certification; it does not provide for the deponent or a party to retain a free copy of the transcript. Rule 30(f)(3) separately provides that a party may obtain a copy of a deposition transcript by paying "reasonable charges" to the deposition officer (usually a certified shorthand reporter). Although plaintiff is proceeding in forma pauperis, the statute authorizing that status

---

[1] The Local Rules cited by plaintiff, ECF No. 63 at 4, fail to support his position. Local Rule 133(j) provides that depositions should not be filed through CM/ECF, but that courtesy copies should be submitted to chambers in hard copy or via email when a portion of the transcript is used in support of a motion or is otherwise referred to in a filed document. Nothing in this rule requires provision of the full transcript to other parties. Local Rule 250.1(a) also provides that depositions are not generally to be filed; it does not address copies to other parties. Local Rule 251(c), describing the joint statement requirement for discovery disputes, does not address transcripts and does not apply to this prisoner case. See ECF No. 52 (Discovery and Scheduling Order,) at 5, ¶ 5 (specifying that Local Rule 251 does not apply).

does not authorize the expenditure of public funds for deposition transcripts.  See 28 U.S.C. § 1915; Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (per curiam) ("'[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress'") (alteration in original) (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976)); see also Tabron v. Grace, 6 F.3d 147 158-59 (3d Cir. 1993).  Plaintiff insists that defense counsel promised him a copy—an assertion that defense counsel denies.  The court need not resolve the dispute, because it lacks authority to enforce any such agreement.  Neither the Federal Rules nor any statute entitles plaintiff to a copy of the transcript without payment to the reporter, so there is no legal basis for compelled production.

      Plaintiff also objects that he did not receive required notice of the preparation and certification of the transcript.  Rule 30 provides that "[c]ertification must accompany the record of the deposition."  Rule 30(f)(1), Fed. R. Civ. P.  However, there is no requirement in Rule 30(f)(1)—which governs certification—or in any other section of the rule, that parties be notified that a transcript has been prepared and/or certified.  Rather, the rule provides that when a party orders a transcript, a certified copy must be sealed by the reporter and sent directly to the party who arranged for the transcript.  Id.  Notice to parties is required under Rule 30 only if and when a deposition transcript is subsequently filed with the court.  See Rule 30(f)(4), Fed. R. Civ. P.  This rule, however, does not require that parties be provided with the complete transcript.  Parties who wish a copy must obtain one directly from the reporter under Rule 30(f)(3) as discussed above.

      In addition to seeking a complete transcript of Marshman's October and November 2021 deposition testimony, plaintiff argues that the November proceeding was improper because he had not been provided a transcript of the testimony taken in October.  This objection was stated on the record at the outset of the November proceeding.  See ECF No. 78 at 11-15 (Exhibit B to Kuchinsky declaration).  No part of Rule 30, and no statute or caselaw that the court is aware of, gives plaintiff a right to have seen the transcript of the first part of the Marshman deposition prior to the second deposition date.  The undersigned understands that a copy of the October 2021 testimony might have assisted plaintiff in defending the second part of the deposition in

1  November 2021, but he had no right to a free copy for the reasons already explained. Moreover,
2  plaintiff had no right under Rule 30 or otherwise to correction of a transcript of the first portion of
3  the deposition by Marshman prior to completion of the deposition.[2]

4  Plaintiff objects to the second phase of the Marshman deposition as intended to annoy,
5  embarrass and oppress the deponent and/or himself. Assuming the accuracy of plaintiff's
6  recitation of the questions asked by the Deputy Attorney General, ECF No. 66 at 5, the objection
7  is overruled. The testing of witness credibility is not improper. To the extent the instant motion
8  is brought in part pursuant to Rule 30(d)(3) (motion to terminate or limit deposition), and
9  assuming that plaintiff properly made and preserved his objection on the record during the
10 deposition, the motion is denied.

11 Finally, plaintiff seeks compelled production of video surveillance recording(s) from July
12 28, 2018. Any motion by plaintiff to compel the production of videotaped evidence—or
13 production of documents or other tangible things—must be denied as untimely. Discovery closed
14 for all purposes other than completion of the Marshman deposition in October 2021, and any
15 motion to compel production of the videotape needed to have been brought before that time.[3] The
16 modification of the scheduling order to permit completion of Marshman's deposition provided for
17 the later filing of motions to compel *related to that deposition*. See ECF Nos. 61, 62. Had
18 Marshman refused to appear, or had he refused to produce documents identified in the deposition
19 notice, defendants thus could have brought a motion to compel his compliance within the time
20 provided. However, plaintiff's motion as to the videotape does not involve anything that was
21 requested of Marshman as part of the deposition. The fact that the prison's video surveillance
22 system may have been referenced at the deposition does turn the instant request into a deposition-

---

[2] Plaintiff repeatedly refers to Marshman's "first" and "second" depositions, but technically this was a single deposition taken over two dates by leave of court.

[3] In any event, defendants responded to plaintiff's discovery request and told him that they are not in possession, custody or control of any video surveillance footage from the date of the alleged incident, and that after a diligent search and reasonable inquiry, they have not located any footage. See ECF No. 64 at 2. Accordingly, it does not appear that there would have been anything to compel.

4

related motion to compel within the meaning of ECF No. 62.[4]

For all the reasons explained above, plaintiff's motion must be denied in its entirety.

## CONCLUSION

Accordingly, it is HEREBY ORDERED as follows:

1. Plaintiff's motion to compel, ECF No. 63, is DENIED;
2. Plaintiff's opposition to defendant Amador's motion for summary judgment (ECF No. 66) shall be filed on or before September 23, 2022; and
3. Defendants' reply to the opposition shall be filed within 14 days thereafter.

DATED: August 22, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[4] This is not a situation in which the existence of relevant evidence was disclosed for the first time at a deposition. In such a case, the court would have entertained a timely-filed motion to re-open discovery for a limited purpose.

5