UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALIOUS CYPRIAN,<br><br>    Plaintiff,<br><br>    v.<br><br>T. CONSTABLE, et al.,<br><br>    Defendants. | No.  2:19-cv-0689 DJC AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Defendants have moved for summary judgment on two claims.  ECF No. 66.  Plaintiff filed an untimely opposition to the motion, ECF No. 84, which the court will consider in the interests of justice.  Defendants filed a reply.  ECF No. 85.  For the reasons that follow, the undersigned recommends that the motion for summary judgment be granted.

I.     BACKGROUND

The pro se complaint was found on screening to present three claims for relief.  First, plaintiff alleged that defendants Constable and Thomas failed to protect him from assault by another inmate in violation of his Eighth Amendment rights.  Second, he claimed that defendant Amador denied him procedural due process at a disciplinary hearing, by refusing to allow production of a video recording of the altercation that would have shown the other inmate to be the aggressor.  Third, plaintiff alleged that Amador refused presentation of the video evidence

because it was exculpatory, in violation of plaintiff's right to equal protection of the laws. ECF No. 16.

## II. THE MOTION

### A. Defendants' Arguments

The motion seeks summary judgment on the two claims stated against defendant Amador that arise from the disciplinary hearing. The motion does not address the Eighth Amendment failure to protect claim against defendants Constable and Thomas. Defendant Amador argues that plaintiff has failed to identify an evidentiary predicate for a triable equal protection claim, that plaintiff was not denied due process as a matter of law, and that she is entitled to qualified immunity. ECF No. 66-2.

### B. Plaintiff's Response

In opposition, plaintiff focuses on defendants' alleged spoliation of the video evidence, and argues that default judgment should be entered in his favor as a sanction. ECF No. 84.[1] He argues that CDCR policy required the preservation and production of the video evidence, and attaches exhibits including the text of an institutional videorecording policy. Id.

The court notes that plaintiff has failed to comply with Federal Rule of Civil Procedure 56(c)(1)(A), which requires that "[a] party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record." Plaintiff has also failed to file a separate document in response to defendants' statement of undisputed facts that identifies which facts are admitted and which are disputed, as required by Local Rule 260(b). Defendants served plaintiff with notice of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure together with their motion for summary judgment. ECF No. 66-1; see Klingele v. Eikenberry, 849 F.2d 409, 411 (9th Cir. 1988) (pro se prisoners must be provided with notice of the requirements for summary judgment); Rand v. Rowland, 154 F.3d 952, 960 (9th Cir. 1998) (en banc) (movant may provide notice).

"Pro se litigants must follow the same rules of procedure that govern other litigants."

---

[1] Plaintiff brought an untimely motion to compel production of the video evidence, which was denied. See ECF No. 79 at 4-5.

2

King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted), overruled on other grounds, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). However, it is well-established that district courts are to "construe liberally motion papers and pleadings filed by pro se inmates and should avoid applying summary judgment rules strictly." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). The unrepresented prisoner's choice to proceed without counsel "is less than voluntary" and they are subject to "the handicaps . . . detention necessarily imposes upon a litigant," such as "limited access to legal materials" as well as "sources of proof." Jacobsen v. Filler, 790 F.2d 1362, 1364 n.4 (9th Cir. 1986) (alteration in original) (citations and internal quotation marks omitted). Inmate litigants, therefore, should not be held to a standard of "strict literalness" with respect to the requirements of the summary judgment rule. Id. (citation omitted).

Accordingly, the court considers the record before it in its entirety despite plaintiff's failure to be in strict compliance with the applicable rules. However, the court will only consider those assertions in the opposition which have evidentiary support in the record.

III. LEGAL STANDARDS

A. Summary Judgement

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment practice, "[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

"Where the non-moving party bears the burden of proof at trial, the moving party need

only prove that there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323. In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

### B. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike, see City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985), and accordingly protects prisoners from arbitrary state action, see Sandin v. Conner, 515 U.S. 472, 487 n.11 (1995). An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based upon his membership in a protected class, Hartmann v. Calif. Dept. of Corrs. and Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-602 (2008).

When an equal protection claim is premised on unique treatment rather than on a classification, the Supreme Court has described it as a "class of one" claim. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam). To state such a claim, a plaintiff must allege that the defendant intentionally, and without rational basis, treated him differently from those who were similarly situated. See Olech, 528 U.S. at 564. A class of one plaintiff must show that the discriminatory treatment "was intentionally directed just at him, as opposed. . . to being an accident or a random act." Jackson v. Burke, 256 F.3d 93, 96 (2d Cir. 2001).

////

C. Procedural Due Process

When an inmate is subject to disciplinary sanctions that include the loss of good-time credits affecting the length of incarceration, due process requires that prison officials provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974). "When prison officials limit an inmate's efforts to defend himself, they must have a legitimate penological reason." Koenig v. Vannelli, 971 F.2d 422, 423 (9th Cir. 1992) (per curiam) (citations omitted). The right to call witnesses may be limited by "the penological need to provide swift discipline in individual cases . . . [or] by the very real dangers in prison life which may result from violence or intimidation directed at either other inmates or staff." Ponte v. Real, 471 U.S. 491, 495 (1985).

IV.     MATERIAL FACTS

Plaintiff did not separately respond to Defendants' Statement of Undisputed Facts (DSUF), ECF No. 66-3, and those facts are therefore deemed undisputed unless otherwise specified.

Plaintiff is a California inmate serving an indeterminate life sentence. He was housed at California Health Care Facility (CHCF) during the relevant period. DSUF ¶ 1. On July 28, 2018, Plaintiff was issued Rules Violation Report (RVR) log number 5421451, which indicated that on July 28, 2018, Cyprian and another inmate were seen fighting under a stairwell in the Building 2 day room, that staff intervened, and that Cyprian and the other inmate complied with staff's verbal orders to get down without any staff use of force. DSUF ¶ 3. A hearing on the RVR was conducted on August 20, 2018, by Lieutenant Shelley Amador, who was responsible for conducting disciplinary hearings at CHFC at the time. DSUF ¶¶ 2, 4. She found plaintiff guilty of fighting, and assessed a mitigated penalty of a loss of 61 days credit and a loss of 5 days yard privileges. DSUF ¶ 4.

Plaintiff was able to call witnesses at the hearing but chose not to do so. DSUF ¶ 5. He has never seen any surveillance footage of the fight or of any date that footage was taken of that area. DSUF ¶ 6. Defendant Amador does not recall plaintiff asking to present video footage at the hearing. Amador Decl. (ECF No. 66-4) at 2, ¶ 5. Plaintiff has averred that he did so, and a form related to the RVR indicates that prior to the hearing plaintiff expressed a desire to view the video footage and let the camera be his witness. ECF No. 84 at 26. As noted in the hearing documentation, plaintiff pled guilty. Amador Decl. (ECF No. 66-4) at 2, ¶ 5; id. at 21 (exhibit).

In July 2018, CHCF used an audio/video surveillance system (AVSS) which could record audio and/or video in various areas of the institution, including the E Facility Building 2 day room. DSUF ¶ 7. CHCF operational procedure 01-047 governs the use of the AVSS, including its use with respect to RVRs. The policy provides in relevant part, "Video footage will not be provided for RVRs unless the footage is used in the creation of the RVR as evidence," and does not require video to be retrieved where no staff member used force against an inmate. DSUF ¶ 8. AVSS footage was not used in the creation of RVR log number 5421451 and was not relied upon as evidence or for any other purpose at the RVR hearing. DSUF ¶ 10. Pursuant to policy, surveillance footage would not have been provided for RVR log 5421451, whether Plaintiff requested it or not, because there was no force used by staff, and surveillance footage was not used in the creation of the RVR or as evidence at the hearing, and was not used to support the guilty finding. DSUF ¶ 11.

Defendant Amador declares that she did not treat Plaintiff differently or conduct his RVR hearing differently than she did for any of the other inmate RVR hearings she conducted, but rather conducted all RVR hearings in accordance with CDCR and CHCF policy. DSUF ¶ 12.[2]

V.   ANALYSIS

A.  Plaintiff Has Not Identified a Triable Equal Protection Issue

Defendant's motion points to an absence of evidence supporting an essential element of

---

[2] Plaintiff accuses Amador of lying and attacks her declaration as a selective recitation of applicable policies, ECF No. 84 at 10, 21, but he points to no evidence that creates a triable issue of material fact.

1 plaintiff's equal protection claim: that plaintiff was intentionally treated differently from similarly
2 situated individuals regarding the provision of video evidence in the RVR process. See Olech,
3 528 U.S. at 564 (in "class of one" case, plaintiff must plead and prove that the defendant
4 intentionally, and without rational basis, treated him differently from those who were similarly
5 situated.)[3] Plaintiff's opposition to the motion fails to identify any evidence of similarly situated
6 inmates being provided with the sort of video evidence that he was allegedly denied. Plaintiff
7 provides documentation of his own ability to view video footage related to other RVRs he has
8 received, see ECF No. 84 at 22-25, but this does nothing to support a conclusion that Lt. Amador
9 treated plaintiff differently than other similarly situated inmates.

Plaintiff's equal protection theory seems to be based on his objection to the policy that video footage need be disclosed only when authorities rely on it in the RVR process, and/or that video footage is provided only when it supports an adverse disciplinary finding. The distinction drawn in CHCF operational procedure 01-047 between using video footage as a sword and as a shield is not a distinction that implicates equal protection, however. It is not a distinction based on a characteristic the government may not consider under the equal protection clause, such as race. Cf. Lee v. Washington, 390 U.S. 333 (1968) (prisoners are protected under the Equal Protection Clause from invidious discrimination based on race). And to the extent that plaintiff agrees the distinction is made consistently,[4] that concession undermines any "class of one" theory.

Because defendant has identified a complete failure of proof concerning an essential element of plaintiff's equal protection claim, summary judgment should be granted. See Celotex, 477 U.S. at 322.

B. Due Process

Defendant argues first that plaintiff's claim under Wolff v. McDonnell, supra, fails as a

---

[3] The complaint does not allege that plaintiff was discriminated against based on his membership in a protected class. See ECF No. 1 at 4. Nor does plaintiff forward a class-based theory here. ECF No. 84.

[4] See ECF No. 84 at 23 (handwritten notation on plaintiff's exhibit documenting disclosure of incriminating video in different disciplinary proceeding: "Sir like I said see video(s) on when it's in CDCR's favor!").

matter of law because plaintiff cannot establish the predicate existence of a liberty interest entitling him to the procedural protections he claims. Because the undersigned is persuaded on this point, defendant's other arguments need not be addressed.

It is axiomatic that procedural due process applies only where an individual faces a governmental deprivation of life, liberty, or property. See U.S. Const. amend. XIV, § 1. If protected interests are implicated, then the question becomes what procedures are required by due process. Ingraham v. Wright, 430 U.S. 651, 672-73 (1977). The procedural rights that apply to prison disciplinary hearings under Wolff, including a limited right to present evidence, apply only where the proceeding implicates a liberty interest that is retained by an incarcerated person. Serrano v. Francis, 345 F.3d 1071, 1077 (9th Cir. 2003). Accordingly, the Wolff protections apply when the inmate faces loss of good time credits that will affect the length of his incarceration. Wolff, 418 U.S. at 557 (finding protected liberty interest in forfeited good time credits because credits lead to speedier release).[5] There can be no compensable due process violation where an inmate's length of custody is not affected by the disciplinary sanction. See Frank v. Schultz, 808 F.3d 762, 764 (9th Cir. 2015) (no compensable due process violation where procedural error is later corrected through administrative process and prisoner ultimately did not lose good-time credits). A due process claim is available only where disciplinary sanctions directly affect the liberty of the inmate by extending his incarceration, or otherwise impose a significant and atypical hardship in relation to the normal incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 484 (1995).

In California, inmates serving indeterminate life sentences may lose custody credits as a disciplinary sanction, but the credit loss does not have a necessary impact on the length of their incarceration. In contrast to determinately sentenced inmates, whose release dates are calculated according to formulae that account for credits earned, indeterminate life prisoners must be granted parole in a multi-factor determination in which good time credits have no necessary

---

[5] The Wolff court explained that inmates are not constitutionally entitled to earn good time credits. However, when a state chooses to enact a system of credits that affect release dates, there is a liberty interest in such credits that prevents their forfeiture in disciplinary proceedings absent due process. Id.

effect. See Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016). Accordingly, district courts throughout California have found that life-sentenced inmates do not have a liberty interest in forfeited credits and Wolff claims are therefore unavailable to them. See, e.g., Richson-Bey v. Watrous, 2022 U.S. Dist. LEXIS 194224 at *13, 2022 WL 14746909 (E.D. Cal. 2022); Lees v. Mariscal, 2022 U.S. Dist. LEXIS 178003 at *20, 2022 WL 4591794 (N.D. Cal. 2022); Gibbs v. Sanchez, 2019 U.S. Dist. LEXIS 129212 at * 16-17, 2019 WL 3059579 (C.D. Cal. 2019); Roman v. Knowles, 2011 U.S. Dist. LEXIS 95410 at * 43, 2011 WL 3741012 (S.D. Cal. 2011).

Plaintiff's brief loss of yard privileges also does not give rise to a state-created liberty interest, because it does not involve an atypical and significant hardship. See Davis v. Small, 595 F. App'x 689, 691 (9th Cir. Mar. 21, 2014) (loss of phone and yard privileges did not give rise to state-created liberty interest) (citing Sandin, 515 U.S. at 487); Baker v. Lugo, 2017 U.S. Dist. LEXIS 60583, 2017 WL 1428734, at *3 (C.D. Cal. Mar. 21, 2017) (loss of access to yard privileges, dayroom privileges, telephone privileges, and vendor package privileges did not establish existence of state-created liberty interest).

Because plaintiff has come forward with no evidence to demonstrate the existence of a liberty interest at stake in the disciplinary proceeding, and because neither the credit forfeiture nor the loss of yard time creates such an interest as a matter of law, the claim fails. Plaintiff cannot establish a violation of his due process rights even if he was wrongfully denied access to video footage that would have been exculpatory. Defendant Amador is therefore entitled to summary judgment.

## VI. PRO SE PLAINTIFF'S SUMMARY

The magistrate judge is recommending summary judgment in favor of defendant Amador. You have not identified any evidence showing that she intentionally treated you differently than similarly situated inmates, so your equal protection claim fails. Because you are serving an indeterminate life sentence, you do not have a protected liberty interest in the credits that you lost in the RVR process. That means that you cannot pursue your due process claim. Inmates only have a constitutional right to present evidence in an RVR hearing if the outcome would affect the amount of time they serve, and that is not the case for lifers. Even if you were wrongly prevented

10

from accessing and presenting the video footage, that would not violate your constitutional rights. If the district judge adopts this recommendation, your case will proceed to trial on your Eighth Amendment failure to protect claim against defendants Constable and Thomas only.

## CONCLUSION

For the reasons explained above, it is hereby recommended that:

1. Defendants' motion for summary judgment be granted as to defendant Amador on plaintiff's equal protection and due process claims; and

2. This case proceed to trial on plaintiff's Eighth Amendment failure to protect claim against defendants Constable and Thomas only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 15, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE