UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REALIOUS CYPRIAN, | No. 2:19-cv-00689-DJC-AC |
| Plaintiff, | |
| v. | **ORDER** |
| T. CONSTABLE, et al., | |
| Defendants. | |

This matter is currently scheduled for trial on Plaintiff's Eighth Amendment claims against Defendants T. Constable and J. W. Thomas.  A trial date is set for July 1, 2024 with a Final Pretrial Conference scheduled for May 2, 2024.  Plaintiff has now filed a motion to compel discovery, which Defendants have opposed, and a motion to appoint counsel.  (ECF Nos. 95 & 98.)

**MOTION TO COMPEL**

Plaintiff's Motion to Compel requests production of "video footage on 7-28-18 from 10:45AM to 11:15AM[.]"  (ECF No. 95 at 1–2.)  Plaintiff's request is untimely. Discovery in this matter closed over two years ago on October 29, 2021.[1]  (ECF No. 52

---

[1] Magistrate Judge Allison Claire later modified the discovery and scheduling order to permit Defendants to finish the deposition of a witness and, in doing so, permitted parties to file motions to compel within fourteen days of that date.  (*See* ECF No. 62.)  However, this modification did not extend the general discovery deadline but even if it did, Plaintiff's present motion would still be untimely.

1    at 6.)  The time for discovery has long passed and Plaintiff may not now seek to

2    compel discovery without first requesting that the Court reopen discovery.  Even if

3    that request were made, it is exceedingly unlikely the Court would grant it given the

4    imminent nature of trial, Defendant's opposition to the request, the lack of diligence in

5    obtaining this video during discovery, and the foreseeability that Plaintiff would want

6    this discovery.  *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir.

7    2017) (Instructing courts to consider "1) whether trial is imminent, 2) whether the

8    request is opposed, 3) whether the non-moving party would be prejudiced, 4)

9    whether the moving party was diligent in obtaining discovery within the guidelines

10    established by the court, 5) the foreseeability of the need for additional discovery in

11    light of the time allowed for discovery by the district court, and 6) the likelihood that

12    the discovery will lead to relevant evidence.").

13       Moreover, Plaintiff previously filed a motion to compel production of the video

14    surveillance from July 28, 2018.  (ECF No. 63.)  That motion was previously denied as

15    untimely by Judge Claire on August 22, 2022.  (ECF No. 79.)  Plaintiff has not shown

16    that prior order was clearly erroneous or contrary to law such that it should be

17    reconsidered.  28 U.S.C. § 636(b)(1)(A); Local Rule 303(f).

18       Plaintiff also includes what appear to be additional requests in his motion,

19    though it is unclear what Plaintiff is requesting.  In full, Plaintiff states:

20
21           It's clear that multiple African American Citizens have express that T. Constable has racial discriminatory or

22           white supremist personality so as a direct evidence of profile as to the reason why T. Constable wanted to see a

23           gay black man beaten is clear it reflex to this case (Request no3).

24           Plaintiff request Defendant T. Constable to produce (Request no4) due to he is known at CHCF as a racist

25           officer that jumps on black men (Tyrone Johnson) which Plaintiff was a eye witness.

26

27    (*Id.* at 2.)  The Court does not know what Plaintiff is seeking with these requests.

28    ////

1  Regardless, Plaintiff's motion to compel is untimely as discovery closed on October

2  29, 2021.

3        Accordingly, Plaintiff's Motion to Compel (ECF No. 95) is denied as untimely.

4  **MOTION TO APPOINT COUNSEL**

5        Plaintiff has also filed a motion requesting the Court appoint counsel to

6  represent him.  (ECF No. 98.)  Plaintiffs in civil right actions do not have a constitutional

7  right to appointed counsel.  *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997),

8  *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998).  District courts do

9  not have the authority to require that counsel represent indigent plaintiffs in civil rights

10 actions.  *Mallard v. U.S. Court Dist. Court*, 490 U.S. 296, 298 (1989).  The Court may still

11 request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), though

12 such appointment is only permitted under "exceptional circumstances".  *Terrell v.*

13 *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Rand*, 113 F.3d at 1525.  "To decide

14 whether these exceptional circumstances exist, a district court must evaluate both 'the

15 likelihood of success on the merits [and] the ability of the petitioner to articulate his

16 claims pro se in light of the complexity of the legal issues involved.'"  *Terrell*, 935 F.2d

17 at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

18       Here, the Court does not find the necessary exceptional circumstances at this

19 time.  While this action has survived summary judgment and proceeds to trial, that fact

20 alone is unpersuasive as to Plaintiff's likelihood of success on the merits given that

21 Defendant's remaining Eighth Amendment claims were not litigated in the Summary

22 Judgment Motion.  Thus, the fact that Plaintiff's claims have survived summary

23 judgment does not demonstrate Plaintiff is likely to succeed at trial.  Plaintiff does not

24 seek to otherwise establish his likelihood of success in his motion.  (ECF No. 98 at 2.)

25 Instead, Plaintiff argues that he is "below a layman of the law" and has previously

26 proceeded with the help of a "jail house lawyer" but no longer has such assistance.

27 (*Id.* at 1–2.)  Though the ability of a plaintiff to articulate his claims is relevant, the Court

28 must consider such ability relative to the complexity of his claims.  *Terrell*, 935 F.2d at

1017.  The only remaining claim after summary judgment is a single Eighth

Amendment claim against Defendants Constable and Thomas for failure to protect

Plaintiff.  Though the Court does not have the benefit of having the remaining claims

be litigated before it as these were not the subject of a Motion to Dismiss or Summary

Judgment motion, these claims do not appear complex.  Plaintiff has not

demonstrated that he is unable to litigate these apparently simple claims.

However, in light of the impending trial and the referral of this case for a

settlement conference below, the Court finds the appointment of counsel for Plaintiff

is warranted for the limited purpose of representing plaintiff at a settlement

conference.  Thomas A. Woods has been selected from the Court's Pro Bono Attorney

Panel to represent Plaintiff for this limited purpose and has agreed to be appointed.

Plaintiff's Motion to Appoint Counsel (ECF No. 98) is DENIED without prejudice

to renewal following the settlement conference.

**MOTION FOR EXTENSION OF TIME**

In the alternative to Plaintiff's Motion to Appoint Counsel, Plaintiff also requests

an extension of time to file a Pretrial Statement.  (ECF No. 98 at 2.)  Plaintiff's Pretrial

Statement was due on April 11, 2024 with the Pretrial Conference set for May 2, 2024.

(ECF No. 90.)  Plaintiff's Motion was sent on April 10, 2024 and not received by the

Court until April 17, 2024.  (*See* ECF No. 98.)  While the Court understands the

challenges posed to Plaintiff by his pro se status, the Court and parties must have

Plaintiff's Pretrial Statement before the Pretrial Conference.  With the natural delays

caused by prison mail, this limits the Courts ability to grant Plaintiff an extension of

time.  Therefore, the Court will grant a brief extension of time until May 2, 2024,

though Plaintiff is encouraged to file his Pretrial Statement as soon as practicable.[2]

////

---

[2] The Court notes that due to delays in prison mail, Plaintiff may have already sent Pretrial Statement, but it has not yet been received by the Court.  To the extent this is the case, that Pretrial Statement will be considered timely filed.

Finally, in the interest of permitting the necessary time for scheduling a settlement conference, the Court will move the Jury Trial date for this action to September 9, 2024.  The Final Pretrial Conference set for May 2, 2024 will remain set for that date.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Plaintiff's Motion to Compel (ECF No. 95) is DENIED;

2.  Plaintiff's Motion to Appoint Counsel (ECF No. 98) is DENIED;

3.  Plaintiff's Motion for Extension of Time to File Pretrial Statement (ECF No. 98) is GRANTED;

4.  Plaintiff shall file a Pretrial Statement by May 2, 2024;

5.  The previously set Jury Trial date is VACATED and RESET for September 9, 2024 at 8:30 a.m. in Courtroom 10;

6.  This case is referred for a mandatory settlement conference;

7.  The Clerk of Court is directed to randomly assign a United States Magistrate Judge to preside over the settlement conference;

8.  Thomas A. Woods is appointed as limited purpose counsel for plaintiff in the above titled matter.  This appointment is for the limited purpose of assisting plaintiff with preparing for and participating in a settlement conference.

9.  Thomas A. Woods's appointment will terminate fifteen days after completion of the settlement conference, or any continuation of the settlement conference.

10. Appointed counsel shall notify Sujean Park via email at spark@caed.uscourts.gov if he has any questions related to the appointment.

11. The Clerk of the Court is directed to serve a copy of this order upon Thomas A. Woods, Stoel Rives LLP, 500 Capitol Mall, Suite 1600, Sacramento, CA 95814.

////

////

////

12. Counsel are requested to contact the courtroom deputy for the assigned settlement judge to obtain available dates for settlement proceedings ahead of the jury trial set for 9/9/2024.

IT IS SO ORDERED.

Dated:   **April 30, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – cyprian19cv00689.mtc&counsel